Motion for reargument denied. Appellant’s suggested use of three copies of the full record in lieu of an appendix as required by rule IV of the Rules of Practice of the Court of Appeals (22 NYCRR 500.4) would leave four Judges without convenient access to the record facts related to two main grounds on which the appeal was allowed: the court’s purported error in charge to the jury; and appellant’s own descriptive testimony of events at the time of the homicide. Rule IV expressly requires the court’s charge to be part of the appendix and appellant’s own testimony related to the legal theories of this case ‘ ‘ may be essential to the determination of the questions raised on the appeal ’ ’ within the rule. The moving affidavit states that it is essential ‘ ‘ that the entire testimony and the whole record of the proceedings ” he before the court. The entire record will be before the court in the single full copy required by rule II (22 NYCRR 500.2). The proposed use of two additional copies as “ a full record ” does not answer the purpose of the appendix system which is to facilitate for all seven Judges the examination of essential issues, with additional access to the full record *822 available to all the Judges as may be needed. The inauguration of the appendix system has vastly decreased the overall cost of prosecuting appeals but its success requires ready availability of essential material to all the Judges.